THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NAKEIA BILLINGSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-19-780-R |
| | ) | |
| AVAYA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Motion for Judgment on the Pleadings (Doc. No. 24) filed by Defendant Avaya, Inc., pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff did not respond to the motion within the time limits prescribed by the Court's Local Civil Rule nor did she seek and extension of time to respond. For the reasons set forth herein, the Court hereby DISMISSES this action as to Plaintiff Billingsley.

Plaintiff filed this action alleging discrimination on the basis of race in violation of the Civil Rights Act of 1964 as well as retaliation premised on the termination of her employment by Defendant in November 2017. She further alleged that her termination violated 42 U.S.C. § 1981. Defendant filed the instant motion pursuant to Federal Rule of Civil Procedure 12(c), asserting it is entitled to judgment on the pleadings on the basis of judicial estoppel because Plaintiff filed a voluntary Chapter 7 petition for bankruptcy on March 24, 2020, after initiating this action, but failed to include this suit in her schedule where she was required to list "[c]laims against third parties, whether or not you have filed a lawsuit or made a demand for payment." (Doc. No. 24-3).[1]

---

[1] The bankruptcy court entered a discharge order on September 3, 2020.

When considering a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the Court accepts the well-pleaded factual allegations in the complaint as true and views them in the light most favorable to plaintiff. *Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1240 (10th Cir. 2000). A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under 12(b)(6), and generally is restricted to the content set forth in the pleadings. *See Freeman v. Dep't of Corr.*, 949 F.2d 360, 360 (10th Cir. 1991). However, the Court may properly consider facts subject to judicial review, such as bankruptcy court records, without converting the Rule 12(c) motion into a motion for summary judgment. *Tal v. Hogan*, 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006).

Here Defendant does not challenge the sufficiency of Plaintiff's factual allegations in stating a claim for discrimination in violation of Title VII and 42 U.S.C. § 1981. Rather, Defendant relies on the doctrine of judicial estoppel, which "is based upon protecting the integrity of the judicial system by 'prohibiting parties from deliberately changing positions according to the exigencies of the moment.' *Vehicle Market Research, Inc. v. Mitchell Int'l Inc.*, 767 F.3d 987, 992-93 (10th Cir. 2014)(citations and quotations omitted)." *Grayson v. APAC-Kansas, Inc.*, No. 15-cv-2625, 2015 WL 5730107 *2 (D. Kan. Sept. 30, 2015). Judicial estoppel generally applies "when (1) a party takes a position clearly inconsistent with an earlier-taken position; (2) adopting the later, inconsistent, position would create an impression that either the earlier or the later court was misled; and (3) allowing the party to change their position would give them an unfair advantage." *Id.* (quotations omitted).

Although the Court concurs with Defendant that Plaintiff's claims are subject to dismissal, the legal basis for the Court's decision is premised on Plaintiff's lack of

prudential standing. Upon filing for bankruptcy, a debtor is required to list all the assets of his or her estate. 11 U.S.C. § 521(a)(1). The Bankruptcy Code requires a Chapter 7 Trustee to "collect and reduce to money the property of the estate for which [the] trustee serves...." 11 U.S.C. § 704(1)). Section 541(a)(1) defines "property of the estate" to include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Plaintiff filed this lawsuit before she sought the protection of the bankruptcy court. Accordingly, this lawsuit and its claims were property of the estate. *See In re Hedged-Investments Assocs. Inc.*, 84 F.3d 1281, 1285 (causes of action belonging to debtor at commencement of bankruptcy case fall within definition of estate property under § 541(a)(1)); *In re White*, 297 B.R. 626, 634 (Bankr. D. Kan. 2003) (cause of action for injuries resulting from prepetition two-car accident was property of estate). Property that is not scheduled, such as Plaintiff's claims herein, is neither administered nor abandoned when the bankruptcy case is closed.[2] *See Brumfiel v. U.S. Bank,* 618 F. App'x 933 (10th Cir. July 24, 2015)(citing 11 U.S.C. § 554(d)); *In re Riazuddin*, 363 B.R. 177, 185 (10th Cir. BAP Feb. 12, 2007).[3] Accordingly, the claims remain the property of the bankruptcy estate and the trustee has the exclusive authority to maintain the claims. *Id.*

---

[2] "Once an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned back to the debtor pursuant to § 554 of the Bankruptcy Code." *Parker v. Wendy's Intl. Inc*., 365 F.3d 1268, 1272 (11th Cir.2004). The asset can be abandoned (1) after notice and hearing if burdensome or of inconsequential value, 11 U.S.C. § 554(a); (2) the bankruptcy court can order the asset to be abandoned upon request of a party in interest after notice and hearing, 11 U.S.C. § 554(b); or (3) scheduled property 'not otherwise administered at the time of the closing of a case is abandoned to the debtor,'" 11 U.S.C. § 554(c). None of these means of abandonment exists here.

*Kirby v. United States*, No. 07-cv-568-PJC, 2009 WL 302077 at *6, (N.D. Okla. Feb. 6, 2009).

[3] *Riazuddin* involved a motion to reopen in bankruptcy court so the debtors could schedule certain personal injury claims. The Court has reviewed the online docket sheet in Plaintiff's bankruptcy and sees no such motion on the record.

> Property of the estate includes 'all legal or equitable interests of the debtor in property as of the commencement of the case." [11 U.S.C. § 704(1)] § 541(a)(1); *see In re RCS Engineered Products Co., Inc.*, 102 F.3d 223, 225 (6th Cit. 1996). "It is 'well settled that the interests of the debtor in property' includes 'causes of action.'" *In re Van Desser* 128 F.3d 945, 947 (6th Cir. 1997)(quoting *Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988)); see *RCS Engineered Products*, 102 F.3d at 225; see also *In re Graham Square Inc.*, 126 F.3d 823, 831 (6th Cir. 1997).

*Hatmaker v. Papa John's Ohio, LLC*, No. 3:17-cv-00146, 2020 WL 6484063 (Nov. 11, 2020). As noted by the court in *Hatmaker*, the bankruptcy trustee has the exclusive right to assert claims owned by the estate, which would include the claims herein. Failing to schedule the claims means the claims remain part of the bankruptcy estate and the trustee is the real party in interest.

The Court's conclusion that the trustee is the real party in interest implicates Rule 17(a)(3) of the Federal Rules of Civil Procedure, which provides, "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest, until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join or be substituted into the action." Billingsley's bankruptcy case has closed, the trustee has been discharged, and she had the opportunity to request that her bankruptcy trustee be substituted in her place but did not respond to the instant motion. *See Hopkins v. Foothill Mountain, Inc.* (In re Hopkins), 346 B.R. 294, 306 (Bankr.E.D.N.Y.2006) (dismissing for lack of jurisdiction and denying an opportunity for joinder, ratification or substitution because the debtor "had more than ample opportunity to seek ratification of this action by, or joinder or substitution of, the real party in interest" yet had not done so). However, in the event the trustee may wish to participate, the Court will consider reviving the case upon motion by the trustee filed within sixty days of entry of this Order.

Because the Plaintiff lacks standing to bring this action, the Defendant's motion to dismiss the amended complaint will be GRANTED without prejudice to the real party in interest moving to reinstate the complaint. Plaintiff's counsel shall provide a copy of this Order to the trustee in Plaintiff's Chapter 7 case. Upon expiration of sixty days the case will be closed and judgment entered accordingly, absent substitution of the trustee.

**IT IS SO ORDERED** this 9th day of December 2020.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE